UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 15 2000
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO.
ST. LOUIS

ESICORP, INC., et al., )
)
Plaintiffs, )
)
v. ) No. 4:95-CV-1464 CAS
)
LIBERTY MUTUAL INSURANCE )
COMPANY, )

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment. The case is on remand from the Eighth Circuit Court of Appeals for a determination of what portion of a settlement was covered by insurance policies issued by defendant Liberty Mutual Insurance Company. Plaintiff Esicorp, Inc.,[1] had sued the insured, St. Louis Testing Laboratories, Inc. (SLT), for its negligent testing and approval of defective welding on pipes that were incorporated into a construction project for which Esicorp was the prime contractor. Liberty Mutual refused to defend SLT in the suit, on the basis that the losses alleged in the complaint did not meet the definition of property damage as defined in the policies, and that in any event an exclusion in the policies excluded coverage of the loses alleged.

Thereafter, Esicorp submitted to SLT a statement of actual damages totaling over $3,000,000. SLT settled the suit with Esicorp for $2,125,000. SLT satisfied this liability by paying Esicorp $125,000 and assigning to Esicorp SLT's rights against Liberty Mutual. Esicorp then initiated this lawsuit against Liberty Mutual to recover the settlement amount and punitive damages for bad faith breach of Liberty Mutual's contractual duty to defend and indemnify SLT.

---

[1] For simplicity, the Court refers to Esicorp, Inc., and it's predecessor in interest, Ebasco Constructors, Inc., as Esicorp.

This Court concluded that Liberty Mutual breached its duty to defend SLT in the underlying lawsuit and entered judgment in favor of Esicorp in the amount of the settlement plus SLT's costs and fees in the underlying suit. The Court rejected Esicorp's request for punitive damages and its own attorney's fees.

On appeal, Liberty Mutual argued that not all of the $2,125,000 settlement was attributable to losses covered by its policies. The Court of Appeals affirmed the ruling that Liberty mutual breached its duty to defend, and that Esicorp was not entitled to punitive damages or its own attorney's fees. The Court, however, remanded the matter for a determination of which claimed losses were covered by the policies and which, if any, were not, and to apportion the $2,125,000 accordingly. Esicorp, Inc. v. Liberty Mut. Ins. Co., 193 F.3d 966 (8th Cir. 1999).

The Court concurs with the parties that the case is ripe for summary judgment under Federal Rule of Civil Procedure 56(e). Upon review of the record, the Court concludes that Esicorp is entitled to the entire amount of the settlement.

The insurance policies at issue promised to pay "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage,' to which this insurance applies." The policies define "property damage" as "[p]hysical injury to tangible property." Missouri courts give a broad interpretation to such language in insurance policies. See Farmland Indus. v. Republic Ins. Co., 941 S.W.2d 505, 507 (Mo. 1997) (en banc) (the phrase, "damages because of ... property damage" in comprehensive general liability insurance policies included environmental cleanup costs). Courts in other jurisdictions read such language in comprehensive general liability insurance policies similarly. See, e.g., A.Y. McDonald Indus., Inc. v. Insurance Co. of N. Am., 475 N.W.2d 607 (Iowa 1991).

Here, it is undisputed that there was "physical injury to tangible property." The Court

2

concludes that the damages sought in the underlying suit were all "damages because of . . . [physical injury to tangible property]."

Liberty Mutual argues that "property damage" does not include repair costs. It argues that summary judgment should be entered in Esicorp's favor in the amount of $90,263.57. This includes four items: SLT's attorney's fees in the underlying action, prejudgment interest on the fees, $11,298 for the damage to the epoxy coating on the defective pipes themselves, and prejudgment interest thereon. This position is clearly without merit, as it reads out of the insurance policies the phrase "damages because of" property damage.

Alternatively, Liberty Mutual argues that Esicorp's answer to an interrogatory establishes that covered damages cannot be more than $1,303,845. This argument is also without merit. The interrogatory answer in question identified that amount as the cost of re-examining and repairing the defective welds. Based on the language of the policies and Farmland Indus. v. Republic Ins. Co., 941 S.W.2d at 507, the Court concludes that the remaining damages claimed by Esicorp in the underlying suit - namely, the extended performance costs - were covered by the policies as well, as damages sustained by Esicorp "because of" the defective welds.

The Court will thus enter judgment in Esicorp's favor for $2,125,000 (the entire settlement), plus $51,674.69 (the stipulated amount of SLT's attorney's fees in the underlying suit), plus prejudgment interest.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Liberty Mutual Insurance Co.'s motion for summary judgment is DENIED. [Doc. 223]

**IT IS FURTHER ORDERED** that plaintiff Esicorp, Inc.'s motion for summary judgment is GRANTED. [Doc. 235]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Charles A. Shaw
_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of June, 2000.

```
                UNITED STATES DISTRICT COURT -- EASTERN MISSOURI
                         INTERNAL RECORD KEEPING
```

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 06/16/00 by cliddy
              4:95cv1464      Esicorp, Inc. vs Liberty Mutual Ins

28:1332 Diversity-Insurance Contract

Daniel Cohen -
WATT AND TIEDER
7929 Westpark Drive
Suite 400
McLean, VA  22102

Thomas Dee -    2956            Fax: 314-622-0768
Heidi Hering -                  Fax: 702-893-8029
Julian Hoffar -                 Fax: 703-893-8029
Gerre Langton -    3641         Fax: 314-621-7755
Michael Newport -    3946       Fax: 314-991-2413
Lorri Qualls -    93769         Fax: 314-621-7624
Sam Rynearson -    4243         Fax: 314-621-3136
Barry Short -    4358           Fax: 314-241-6056
Mark Smith -    22867           Fax: 314-622-0768
Richard Ulrich -    4585        Fax: 314-991-2413
Steven Weber -                  Fax: 703-893-8029

SCANNED JUN 16 2000 C.L.F.