UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

SEP 1 0 2002

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO

ESICORP, INC., et al.,           )
                                 )
        Plaintiffs,              )
                                 )
    v.                           )    No. 4:95-CV-1464 CAS
                                 )
LIBERTY MUTUAL INSURANCE         )
COMPANY,                         )
                                 )
        Defendant.               )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Liberty Mutual Insurance Company's (Liberty Mutual) bill of costs (Doc. 253). Liberty Mutual seeks an award to cover the costs of premiums paid for supersedeas bonds it had posted while the case was on appeal before the Eighth Circuit on two separate occasions. Plaintiffs, Esicorp, Inc., and St. Louis Testing Laboratories, Inc. (SLT), argue that under the circumstance of this case, an award of the full amount sought is not justified under Federal Rule of Appellate Procedure 39, and would be inequitable.

The background facts are as follows: Esicorp sued SLT for losses arising out of the need to repair defective pipe welds that SLT's testing had failed to discover. The pipe sections were incorporated by Esicorp into a construction project. They did not collapse or burst or otherwise cause injury to surrounding property. Esicorp, however, claimed that it incurred losses of over $3,000,000 in repair costs, increased costs of contract performance, and liquidated damages to the project owner because of project delays. Liberty Mutual refused to defend SLT under liability insurance policies Liberty Mutual issued SLT for the period in question. The policies promised to indemnify SLT for damages SLT became legally obligated to pay because of non-excluded "property

261

damage." The policies defined "property damage" as "a. Physical injury to tangible property, including all resulting loss of use of that property; or b. Loss of use of tangible property that is not physically injured."

SLT settled with Esicorp for $2,125,000, and satisfied this liability by paying Esicorp $125,000 and assigning to Esicorp SLT's rights against Liberty Mutual. Esicorp then sued Liberty Mutual to recover SLT's agreed liability, alleging breach of Liberty Mutual's contractual duties to defend and indemnify. This Court concluded that Liberty Mutual had breached its duty to defend SLT and issued a judgment in favor of Esicorp in the amount of the settlement plus SLT's costs and fees in the underlying lawsuit. The Court rejected Esicorp's request for punitive damages and its own attorney's fees.

Liberty Mutual appealed, arguing that it had no duty to defend because Esicorp's complaint did not seek damages for covered losses. Esicorp cross-appealed, arguing that the Court erred in rejecting Esicorp's claims for punitive damages and attorney's fees. On August 25, 1998, Liberty Mutual posted a supersedeas bond in the amount of $2,800,000. (Doc. 212).

On October 19, 1999, the Eighth Circuit issued its opinion, Esicorp v. Liberty Mut. Ins. Co., 193 F.3d 966 (8th Cir. 1999). The Court explained that Liberty Mutual had two distinct duties, the duty to indemnify SLT for covered losses, and the duty to defend SLT in any lawsuit seeking damages that would be covered loses. The Eighth Circuit affirmed this Court's ruling that Liberty Mutual breached its duty to defend SLT in the underlying lawsuit, because Esicorp's complaint included allegations giving rise to a claim potentially within the policy's coverage. Id. at 970.

With regard to the duty to indemnify, the Eighth Circuit held that, despite SLT's settlement, Liberty Mutual's liability was limited to losses covered by its policies. Because this Court made no

finding as to what portion of the $2,125,000 settlement was attributable to covered losses, the appellate court remanded the case for determination of the coverage and apportionment issues. Id. at 971. The Eighth Circuit rejected Liberty Mutual's argument that its obligation to indemnify SLT could not exceed SLT's $125,000 out-of-pocket payment to Esicorp.

On Esicorp's cross-appeal, the Eighth Circuit affirmed the District Court's rulings on Esicorp's claims for punitive damages and attorney's fees. Id. at 972. The Eighth Circuit's opinion concluded with, "The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion." Id. A separate Judgment also stated, "the judgment of the district court in this cause is reversed and the cause is remanded to the district court for proceedings consistent with the opinion of this court." (Doc. 214). The mandate issued on December 17, 1999, making no mention of costs. (Doc. 214).

On remand, this Court concluded that all of Esicorp's claimed losses were covered by the policy, and on July 5, 2000, issued an amended judgment ordering Liberty Mutual to pay the settlement amount, SLT's attorney's fees in the underlying action, and prejudgment interest. Liberty Mutual again appealed and on August 25, 2000, posted a supersedeas bond in the amount of $3,500,000. (Doc. 248). On September 17, 2001, the Eighth Circuit reversed this Court, holding that the bulk of the losses sustained by Esicorp were not for "property damage" covered by the insurance policies and that Liberty Mutual had already paid all covered losses, which amounted to approximately $11,200. Esicorp v. Liberty Mut. Ins. Co., 266 F.3d 859 (8th Cir. 2001).

In support of its bill of costs, Liberty Mutual submitted documentation that the premium on the bond for the first appeal was $19,200 per year, covering the three-year period from August 10, 1998, to August 10, 2001, for a total of $57,600. The premium on the bond for the second appeal

was $10,780, covering the period from June 15, 2000, to June 15, 2002. The bill of costs sought a total of $68,380.

Federal Rule of Appellate Procedure 39(a) addresses the taxation of appellate costs and provides in relevant part as follows: "(3) if a judgment is reversed, costs are taxed against the appellee; (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the [appellate] court orders." Subsection (e) of Rule 39 provides that certain costs on appeal, including premiums paid for a supersedeas bond, are taxable in the district court "for the benefit of the party entitled to costs under this rule." The Advisory Committee Notes explain that the costs described in subsection (e) are made taxable in the district court "for general convenience."

Plaintiffs do not challenge the $10,780 premium on the bond for the second appeal. With regard to the $57,600 premium on the bond for the first appeal, however, they ask the Court to consider several factors in denying all or part of this amount, including Esicorp's good faith in pursuing the action and Mutual Liberty's failure to obtain a clear victory in the first appeal. Plaintiffs also argue that the $57,600 is excessive, as evidenced by the lower premium rate for the bond for the second appeal.

In reply, Liberty Mutual concedes that the amount requested in its bill of costs relating to the bond premiums for first appeal should be reduced to cover only the period during which that appeal was pending. Thus, the $19,200 for the period of August 10, 2000, to August 10, 2001, should be deducted, as well as a prorated portion of the $19,200 for the period from August 10, 1999, to August 10, 2000. According to Liberty Mutual, this prorated deduction should be $12,800, based on $1,600 per month for the eight months from December 17, 1999, when the Eighth Circuit's mandate in the first appeal was issued, through August 10, 2000, the date until which the bond was

effective. The total concession is thus $32,000. Liberty Mutual seeks an award of the remaining $36,380, arguing that this is a reasonable amount, and further, that this Court lacks the discretion to deny the request, because the language of Federal Rule of Civil Procedure 39(a) is mandatory.

The first question this Court must answer is whether the judgment in the first appeal was reversed, or reversed in part and affirmed in part. If the Eighth Circuit actually reversed in part and affirmed in part, this Court would not have the authority to award the cost of the supersedeas bond premiums related to that appeal, absent an order to that effect by the Eighth Circuit. See Fed. R. App. P. 39(a)(4); Golden Door Jewelry Creations, Inc. v. Lloyds Underwriter Non-Marine Assoc., 117 F.3d 1328, 1340-41(11th Cir. 1998) (when district court's judgment is vacated on appeal and case remanded for further proceedings, district court may not tax supersedeas bond premiums as costs if appellate court's judgment mandate did not provide for bond premiums).

The Court concludes that although the Eighth Circuit stated in the first appeal that the judgment of this Court was reversed, in fact the judgment was affirmed in part and reversed in part. A complete reversal would have included a determination that this Court erred in holding that Liberty Mutual breached its duty to defend. Instead, the Eighth Circuit specifically affirmed that holding, and remanded the case for consideration of which losses were covered under Liberty Mutual's duty to indemnify. Under these circumstances, the Court concludes that it cannot award Liberty Mutual the costs of the bond premiums for the first appeal, because the Eighth Circuit made no mention of awarding any costs to Liberty Mutual.

The cases cited by Liberty Mutual are inapposite because in those cases, the appellate court specifically ordered appellees to pay appellants the costs on appeal. See In re Sioux Ltd., Sec. Litig., 1991 WL 182578 (5th Cir. March 4, 1991) (per curiam); Certain Underwriters at Lloyds, London

5

v. Oryx Energy Co., 25 F. Supp. 2d 769 (S.D. Tex. 1998); Lamborn v. Dittmer, 726 F. Supp. 510, 520 (S.D. N.Y. 1989).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall tax costs in favor of Liberty Mutual Insurance Company in the sum of Ten Thousand Seven Hundred Eighty Dollars ($10,780).

                                                                 **CHARLES A. SHAW**
                                                                 **UNITED STATES DISTRICT JUDGE**

Dated this 10th day of September, 2002.

INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 09/11/02 by kspurgeo
              4:95cv1464    Esicorp, Inc. vs Liberty Mutual Ins

28:1332 Diversity-Insurance Contract

Daniel Cohen -
WATT AND TIEDER
7929 Westpark Drive
Suite 400
McLean, VA  22102

```
Thomas Dee    -  2956        Fax: 314-480-1530
Heidi Hering  -              Fax: 702-893-8029
Julian Hoffar -              Fax: 703-893-8029
Gerre Langton -  3641        Fax: 314-421-4431
Michael Newport - 3946       Fax: 314-991-2413
Lorri Qualls  - 93769        Fax: 314-621-7624
Sam Rynearson - 4243         Fax: 314-421-4431
Barry Short   - 4358         Fax: 314-241-6056
Mark Smith    - 22867        Fax: 423-266-5499
Richard Ulrich - 4585        Fax: 314-991-2413
Steven Weber  -              Fax: 703-893-8029
```

